

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ___ANCHORAGE___

Darren Farrell                    )
                                  )
                                  )
              Plaintiff(s),       )
vs.                               )
                                  )
                                  )
Synthes USA,                      )        CASE NO. 3AN-05- _10740 CI_
                                  )
              Defendant(s).       )           SUMMONS
                                  )             AND
                                  )       NOTICE TO BOTH PARTIES
                                  )       OF JUDICIAL ASSIGNMENT

To Defendant: __Synthes USA__

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at ___825 W. 4th Ave., Anch., AK 99501___ within 20
                                       (address)
days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, __David H. Shoup_____whose address is: __508 W. 2nd Ave., 3rd Fl., Anch., AK 99501__

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge _Joannides_

(SEAL)                                      CLERK OF COURT

_8-22-05_                              By: _N Bunyzkin_
    Date                                        Deputy Clerk

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 (5/02)(st.3)                            Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

                                                EXHIBIT __A__
                                                PAGE __1__ OF __14__

JAN. 3. 2006 5:39PM 19514 BETTS PATTERSON, PROD LIAB                NO. 9645   P. 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

DARRIN FARRELL, )
)
    Plaintiff, )
)
vs. )
)
SYNTHES USA, )
)
    Defendant. )
) Case No. 3AN-05-10740CI

## COMPLAINT

Darrin Farrell, plaintiff, by and through counsel of David H. Shoup, of Tindall Bennett & Shoup, P.C., alleges as follows:

### IDENTITY OF PARTIES

1.  Plaintiff Darrin Farrell lives in Anchorage, Alaska. Surgery occurred in Anchorage, Alaska, and all events pertinent to this lawsuit occurred in the State of Alaska.

2.  Defendant Synthes USA (Synthes) is a foreign corporation that manufactured/produced and/or sold the Synthes Calcaneal Plate and screws in question, which was implanted into plaintiff's ankle. The plate and some of the screws subsequently broke.

3.  "Synthes" is a brand name of an orthopedic device that may have been sold through various manufacturer's representatives, but Synthes is liable for all such actions and

EXHIBIT A
PAGE 2 OF 14

representations by the sales representatives, and is ultimately responsible and liable for the safety of the product it placed in the stream of commerce.

### ANKLE SURGERY EVENTS

4. In early April, 2002, plaintiff Darrin Farrell (Mr. Farrell) was involved in a high speed head-on collision, through no fault of his own.

5. As a result of injuries suffered in that collision, including an "aviator fracture," Mr. Farrell underwent surgery on April 15, 2002, in which Dr. Bret Mason inserted the Synthes Locking Calcaneal Plate described above.

6. Dr. Bret Mason surgically inserted the Synthes Locking Calcaneal Plate and threaded screws in an appropriate manner; yet, the plate and screws both broke, necessitating a second surgery which would not have occurred but for the failure of the plate and screws.

7. The second surgery by Dr. Bret Mason to replace the Synthes Locking Calcaneal Plate occurred on September 12, 2003. As a result of that second surgery (which was very expensive), medical expenses, pain and suffering, a second "recovery period," and loss of wages resulted. In addition, a piece of one of the Synthes screws broke off and was so imbedded in bone, it could not be removed without damaging the bone.

Complaint
Page 2 of 2
Farrell v. Synthes
Case No. 3AN-05-_____ Civil

8. Mr. Farrell was and is diabetic, every time he undergoes surgery, it increases the likelihood of complications and possible amputation.

## FIRST CLAIM FOR RELIEF
## STRICT PRODUCT LIABILITY

9. At all material times, defendant was engaged in the business of researching, designing, manufacturing, distributing and/or selling orthopedic plates such as the Synthes Locking Calcaneal Plate (and providing the threaded screws to insert the plate). Defendant's Locking Calcaneal Plates and screws were sold within the State of Alaska and defendant was otherwise actively doing business in the State of Alaska.

10. Defendant's Locking Calcaneal Plate and screws were intended to reach consumers in Alaska such as plaintiff. When the plate was implanted into the plaintiff, it and the attendant hardware were in a condition intended and inspected by defendant manufacturer to be used, and had not been materially changed or altered since leaving the hands of defendant.

11. At the time defendant researched, designed, manufactured, advertised and distributed the Locking Calcaneal Plate and screws, the plates and screws were defective in design and unreasonably dangerous in that:

(a) They were prone to breaking;

Complaint
Page 3 of 3
Farrell v. Synthes
Case No. 3AN-05-_____ Civil

EXHIBIT A
PAGE 4 OF 14

(b) By breaking would cause infection and inflammation to the adjacent tissue and require a subsequent "repair" surgery, prior to the time the plates and screws were intended to be removed (if at all); and

(c) Were not fit for their intended purpose.

12. The Locking Calcaneal Plate was advertised and represented to be designed and fit for use in the manner Dr. Mason applied them.

13. The Locking Calcaneal Plate and screws were unreasonably dangerous and defective in that inadequate warnings were given to the medical profession and potential patients about the risks of breakage, resulting subsequent failure of the surgery, and necessity for redoing the surgery as a result of that breakage and failure.

14. The defective and unreasonably dangerous condition of the Locking Calcaneal Plate was a substantial contributing factor and cause of plaintiff Darrin Farrell's injuries described herein, damages and necessity for redoing the surgery as described in this complaint.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

15. All prior allegations are alleged here by reference.

Complaint
Page 4 of 4
Farrell v. Synthes
Case No. 3AN-05-_____ Civil

EXHIBIT A
PAGE 5 OF 14

16. Defendant's decision to sell Locking Calcaneal Plates and threaded screws and thousands of other similarly defective products was in disregard of the health and safety of plaintiff Darrin Farrell and other consumers.

17. Defendant Synthes was negligent in one or more of the following ways:

(a) Failing to use state-of-the-art design and manufacturing techniques to produce a plate and threaded screws suitable for the type of surgery involved here, without subsequent breakage during expected and foreseeable use.

(b) Failing to adequately inform physicians (who could then inform the potential recipients of the plate and screws) of the reported prior breakage problems (of both the plate and screws) to allow the physician to inform the patient of the possibility of breakage with its resulting pain, injury and subsequent necessity for re-surgery. Synthes' failure to adequately warn limited the reasonable alternatives given to the patient, including using other locking devices that did not carry the same risk (i.e., Synthes did not inform the physician such that the physician could then inform the patient and the patient could select other options or choose not to undergo this implantation of the device and screws in question).

Complaint
Page 5 of 5
Farrell v. Synthes
Case No. 3AN-05-_____ Civil

EXHIBIT __A__
PAGE __6__ OF __14__

(c) Selling the Locking Calcaneal Plate and screws when they knew or should have known modifications to the design and/or durability/safety of the product were necessary.

18. At the time of the negligence outlined above, it was reasonably foreseeable that defendant's actions created a risk of injury to persons such as plaintiff Darrin Farrell. Defendant's acts of negligence were unreasonable in the face of such a risk.

## INJURY AND DAMAGE ALLEGATIONS

19. As a result of the defective product, plaintiff Darrin Farrell has suffered personal injuries including but not limited to: (1) loss of chance for a better recovery from the underlying surgery, caused by the failure of the device and screws and the necessity of redoing the surgery; (2) injury from the breakage of the plate and screws and having a piece of a screw imbedded in his foot; (3) medical expenses incurred in undergoing a second operation, then second recovery; (4) loss of earnings and earning capacity as a result of the second surgery and being demoted at his job; (5) sleep disturbance and emotional distress/loss of enjoyment of life; (6) general pain and suffering; and (7) an increased risk of possible eventual amputation as a result of failure of surgery.

Complaint
Page 6 of 6
Farrell v. Synthes
Case No. 3AN-05-_____ Civil

EXHIBIT A
PAGE 7 OF 14

20. Plaintiff reserves the right to supplement the allegations at the time of trial with the full amount of economic and non-economic damages, in the form of pain and suffering, emotional distress, etc.

WHEREFORE, plaintiff requests an award in excess of $100,000 as outlined above, plus attorney's fees and costs for having to file this suit, and other relief as the finder of fact deems warranted.

DATED this 17 day of August, 2005, at Anchorage, Alaska.

TINDALL BENNETT & SHOUP, P.C.
Attorneys for Plaintiff Darrin Farrell

/s/ DHS
David H. Shoup #8711106

106865

Complaint
Page 7 of 7
Farrell v. Synthes
Case No. 3AN-05-_____ Civil

EXHIBIT A
PAGE 8 OF 14



IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| DARRIN FARRELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| SYNTHES USA, | ) ) |
| Defendant. | ) Case No. 3AN-05-10740 CI ) |

### ANSWER

Defendant Synthes (U.S.A.), incorrectly identified as "Synthes USA," for its answer to plaintiff's complaint, denies all allegations not expressly admitted herein and states:

1. The allegations of paragraph 1 of plaintiff's complaint are denied for lack of knowledge or information sufficient to plead thereto.

2. For answer to paragraph 2 of plaintiff's complaint, Synthes (U.S.A.) denies that it is a foreign corporation and states affirmatively that it is a general partnership. Synthes (U.S.A.) admits that it sells certain orthopaedic implants, but denies for lack of knowledge the remaining allegations of paragraph 2.

3. Paragraph 3 of plaintiff's complaint states legal conclusions which do not require a factual response. To the

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99680 - Synthes (U.S.A.) Answer
*Farrell v. Synthes (U.S.A.); Case No.: 3AN-05-10740 CI; Page 1 of 6*

extent a factual response is required, the allegations of paragraph 3 are denied.

4. The allegations of paragraphs 4, 5, 6, 7 and 8 of plaintiff's complaint are denied for lack of knowledge or information sufficient to plead thereto.

5. In response to paragraph 9, Synthes (U.S.A.) admits that it sells certain orthopaedic implants, and that such products are sold within the state of Alaska.

6. The allegations of paragraph 10 are denied for lack of knowledge or information sufficient to plead thereto.

7. The allegations of paragraph 11, and each subpart thereof, are denied.

8. In response to paragraph 12, Synthes (U.S.A.) admits that it sells the Synthes Locking Calcaneal Plate and screws but it is without information or belief as to the remaining allegations in this paragraph, and therefore denies the same.

9. The allegations of paragraph 13 and 14 are denied.

10. In response to paragraph 15, defendant realleges its responses to prior to allegations.

11. The allegations of paragraphs 16, 17 and each subpart thereof, and 18 are denied.

12. The allegations of paragraph 19 are denied.

13. The allegations of paragraph 20 require no response.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

99680 - Synthes (U.S.A.) Answer
*Farrell v. Synthes (U.S.A.);* Case No.: 3AN-05-10740 CI; Page 2 of 6

FOR FURTHER ANSWER AND BY WAY OF AFFIRMATIVE DEFENSE, defendant states:

1. The Synthes Locking Calcaneal Plate and screws which plaintiff alleges were implanted in his ankle served their intended functions, and plaintiff is not entitled to damages on account thereof.

2. Plaintiff's complaint with regard to the Synthes Locking Calcaneal Plate and screws is barred in whole or in part by comments j and k to § 402(a) of the Restatement Second of Torts.

3. The Synthes Locking Calcaneal Plate and screws are prescription medical devices, which are not marketed or sold to individual patients, but are marketed and sold only to members of the orthopaedic medical community, including orthopaedic surgeons, who function as "learned intermediaries" between individual patients and defendant Synthes (U.S.A.). The Synthes Locking Calcaneal Plate and screws were sold with adequate warnings and instructions to the orthopaedic community, and the orthopaedic surgeon was well aware of all facts and circumstances necessary to make a determination regarding the selection and implantation of such medical devices for plaintiff.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99680 - Synthes (U.S.A.) Answer
*Farrell v. Synthes (U.S.A.)*; Case No.: 3AN-05-10740 CI; Page 3 of 6

4. Plaintiffs' claims are barred, in whole or in part, under the applicable state law because the Synthes Locking Calcaneal Plate received pre-market clearance by the federal Food and Drug Administration.

5. Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Product Liability.

6. Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

7. Plaintiffs' claims are barred, in whole or in part, because the designs, methods, and techniques of manufacturing, inspecting, testing, and labeling the Synthes Locking Calcaneal Plate and screws conformed with the state of the art at the time the devices were first marketed by Synthes (U.S.A.).

8. To the extent Plaintiff asserts claims based on Synthes (U.S.A.)'s adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

9. Plaintiff's claim for non-economic loss is capped pursuant to AS 09.17.010.

10. Synthes (U.S.A.) reserves the right to allege, should discovery prove such allegations appropriate, that plaintiff's

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99680 - Synthes (U.S.A.) Answer
*Farrell v. Synthes (U.S.A.)*; Case No.: 3AN-05-10740 CI; Page 4 of 6

injuries or damages, if any, were proximately caused by his own negligence or fault, or by his failure to mitigate those injuries. Synthes (U.S.A.) further reserves the right to assert that plaintiff's claims are barred by the applicable statute of limitations.

11. Synthes (U.S.A.) reserves it right to assert such additional affirmative defenses and/or claims which might be appropriate as facts are disclosed through discovery and/or trial preparation.

WHEREFORE, Synthes (U.S.A.) prays for judgment as follows:

1. That Plaintiffs take nothing and that the Court dismiss plaintiffs' complaint with prejudice;

2. That the Court award Synthes (U.S.A.) its reasonable expenses and costs, including but not limited to reasonable attorney's fees, incurred in the defense of plaintiffs' Complaint; and

3. That the Court grant Synthes (U.S.A.) such other and further relief as the Court may deem proper.

DATED this 9th day of January, 2006, at Anchorage, Alaska.

DeLisio Moran Geraghty & Zobel, P.C.
Attorneys for Synthes (U.S.A.)

By: _____
Michael C. Geraghty
Bar No. 7811067

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99680 - Synthes (U.S.A.) Answer
*Farrell v. Synthes (U.S.A.)*; Case No.: 3AN-05-10740 CI; Page 5 of 6

EXHIBIT __A__
PAGE _13_ OF _14_

This is to certify that a true copy
of the foregoing was mailed this 9th
day of January, 2006, to the following:

David H. Shoup, Esq.
Tindall Bennett & Shoup, P.C.
508 W. 2nd Ave., 3rd Floor
Anchorage, AK 99501

By _____
   Juliana Wood

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99680 - Synthes (U.S.A.) Answer
*Farrell v. Synthes (U.S.A.)*; Case No.: 3AN-05-10740 CI; Page 6 of 6

EXHIBIT ___A___
PAGE _14_ OF _14_